UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIVAUN SWEET, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SEQUIUM ASSET ) <br> SOLUTIONS, LLC. ) <br> ) <br> Defendant. ) <br> ) | Civil Action 22-cv-00911 <br><br><br><br><br><br><br><br> <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Shivaun Sweet, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm to her reputation as a result of Defendant sharing of false information regarding alleged debts with a third party. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

## PARTIES

5. Plaintiff, Shivaun Sweet ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed for a defaulted Colorado Technical University consumer account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, Sequium Asset Solutions ("SAS"), is a Georgia Limited Liability Company that does or transacts business in Illinois. Its registered agent is Registered Agent Solutions, Inc, located at 3000 Professional Dr, Suite, Springfield, Illinois 62703.

7. SAS is licensed as a collection agency in the State of Illinois.

8. SAS is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

9. SAS regularly collects or attempts to collect defaulted consumer debts on behalf of others, and is a "debt collector" as that term is defined in § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred a debt for goods and services used for personal purposes, originally for a Colorado Technical University consumer credit account ("Account"). The debt is thus "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Plaintiff did not pay the debt, and the debt went into default.

12. SAS subsequently began efforts to collect the Account.

13. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers, LLC. who, on January 12, 2022, sent a letter to SAS indicating that Plaintiff disputed the debt. (Exhibit A, Dispute Letter).

14. SAS received Plaintiff's dispute on January 19, 2022.

15. Plaintiff's letter stated, in part, that the amount reported is not accurate.

16. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, 889 F.3d at 377. "There is simply no other way to interpret this language." *Id.*

17. Thereafter, on or about January 28, 2022, SAS communicated credit information regarding the debt to the Experian consumer reporting agency, including the balance, an account numbers and the date reported. (Exhibit B, Redacted Excerpt from Plaintiff's Experian Report).

18. SAS failed to communicate that Plaintiff's debt was disputed when it communicated other information to Experian regarding the debt.

19. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

20. SAS failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about

the dispute and communicated other information regarding the debt to the credit reporting agency.

21. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

22. SAS materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

23. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

24. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

26. SAS failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the debt to Experian.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      C.      Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

By: s/*Michael Wood*
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
980 N Michigan Ave, Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com